UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

HAROLD JOSEPH AUGUSTIN (#154057)

VERSUS                                          CIVIL ACTION

LYNN COOPER, ET AL                              NUMBER 08-802-FJP-DLD

ORDER

Before the court is the petitioner's motion to transfer the case to the Eastern District of Louisiana. Record document number 4.

Judgment was entered dismissing the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the grounds that this court does not have jurisdiction over this claim because the petitioner was not convicted in this district nor is he incarcerated in this district. 28 U.S.C. §2241(d).

Petitioner filed a motion to have this matter transferred to the Eastern District of Louisiana pursuant to 28 U.S.C. § 2241(d).

A review of the Eastern District of Louisiana court's records showed that petitioner has filed a prior petition for writ of habeas corpus related to the same conviction and sentence: *Harold Augustine v. Warden Lynn Cooper*, CV 06-6757, c/w 07-1207 & 08-986 (E.D. La.). Judgment was entered on April 30, 2008, dismissing the application with prejudice as untimely pursuant to 28 U.S.C. § 2244(d).

The petition presently before the court is considered to be a successive petition as described by 28 U.S.C. § 2244. In order to overcome the prohibition against the filing of a successive claim under that section, the petitioner must establish one of the following exceptions:

1) the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or

2) (I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B).

Before the petition can be considered on the merits by the Eastern District of Louisiana court, the petitioner must obtain authorization to file a successive petition from the United States Court of Appeals for the Fifth Circuit by making a prima facie showing of the above listed requirements to that appellate court as required by 28 U.S.C. § 2244(b)(3)(A). Until such time as petitioner obtains said authorization, this court is without jurisdiction to proceed. Accordingly,

IT IS ORDERED that the petitioner's motion to transfer to the Eastern District of Louisiana is denied.

Baton Rouge, Louisiana, January 22, 2009.

FRANK J. POLOZOLA
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

HAROLD JOSEPH AUGUSTIN
(#154057)

CIVIL ACTION

VERSUS

NUMBER 08-802-FJP-DLD

LYNN COOPER, ET AL

### JUDGMENT

For written reasons assigned;

IT IS ORDERED that petitioner's motion to transfer to the Eastern District of Louisiana is denied and this action is dismissed without prejudice.

Baton Rouge, Louisiana, January 22, 2009.

*(signature)*
FRANK J. POLOZOLA
MIDDLE DISTRICT OF LOUISIANA